# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

DIANA VEGA, Individually, and )
IMANI VEGA, DIAMANTE VEGA, )
and SHAREEF WILLIAMS, )
all minors, b/n/f DIANA VEGA, )
                                      )
Plaintiff, )
                                      )
v. ) CAUSE NO.: 2:13-cv-043-JD-APR
                                      )
RAMON CALDWELL, EXXON )
MOBILE CORP., and COLLINS )
PIPELINE, COMPANY, )
                                      )
Defendants. )

## OPINION AND ORDER

This matter is before the court on the Motion to Dismiss for Failure to Prosecute or, In the Alternative, Motion to Compel [DE 17] filed on March 19, 2014. The defendants explained that the plaintiffs requested leave to file an amended complaint. The court granted the plaintiffs leave and directed them to file their amended complaint as a separate docket entry, but the plaintiffs have failed to do so. Seven months have passed between the last activity in this case and the time the defendants filed this motion. The proper party defendants have yet to be named, more than one year after this lawsuit was initiated.

The defendants also served discovery on the plaintiffs on July 3, 2013. The plaintiffs' answers were due on or before August 3, 2013. The deadline was extended, but the plaintiffs did not respond by the time the defendants filed this motion. On April 16, 2014, the plaintiffs filed an untimely response to this motion, informing the court that they served their responses the same day. The defendants did not file a reply to their motion.

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to

comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Northern District of Indiana Local Rule 41-1 states that a case can be dismissed for failure to prosecute if no activity has occurred for 6 months, the clerk has notified the parties that the case will be dismissed, and 28 days have passed since the notice was given. The defendants also point out that a case can be dismissed as a discovery sanction.

The plaintiffs filed an untimely response informing the court that they served their discovery responses. The plaintiffs did not respond to the defendants other arguments and did not show why they have failed to file their amended complaint. However, the court favors a trial on the merits, and the plaintiffs now have complied with discovery in an effort to progress this matter. Also, the clerk has not issued a notice warning the plaintiffs that failure to prosecute could result in dismissal and giving them 28 days to show why dismissal is not warranted. Although the plaintiffs have been sluggish in their responses and have yet to file their amended complaint, they have complied with the court's orders, and the court does not find that dismissal is appropriate at this time. The plaintiffs are warned that further delay may result in dismissal for failure to prosecute.

Based on the foregoing reasons, the Motion to Dismiss for Failure to Prosecute or, In the Alternative, Motion to Compel [DE 17] is **DENIED.**

ENTERED this 13th day of June, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge