```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

DIANA VEGA, Individually, and            )
IMANI VEGA, DIAMANTE VEGA,               )
and SHAREEF WILLIAMS, all minors,        )
b/n/f DIANA VEGA,                        )
                                         )
            Plaintiffs,                  )
                                         )
      v.                                 ) Cause No. 2:13-cv-43
                                         )
RAMON CALDWELL, EXXON MOBILE             )
CORP., and COLLINS PIPELINE,             )
COMPANY,                                 )
                                         )
            Defendants.                  )

## OPINION AND ORDER

This matter is before the court on the Second Motion to Dismiss for Failure to Prosecute [DE 22] filed by the defendants, Ramon Caldwell and Exxon Mobile Corp., on January 9, 2015. For the following reasons, the motion is **DENIED**.

*Background*

On December 12, 2012, the plaintiffs filed their Complaint against the defendants. On August 7, 2013, the plaintiffs filed a Motion to Amend Complaint requesting the court to allow them to add Wolverine Pipe Line Company and to dismiss Collins Pipeline Company through the amended complaint. On August 12, 2013, this court granted the Motion to Amend Complaint and ordered the plaintiffs to file their amended complaint. Approximately eighteen months later, the plaintiffs have not filed their amended complaint.

On March 19, 2014, the defendants filed a Motion to Dismiss for Failure to Prosecute. On June 13, 2014, this court denied the Motion to Dismiss for Failure to Prosecute because the clerk had not issued a notice warning the plaintiffs that failure to prosecute could result in

dismissal and giving them 28 days to show why dismissal was not warranted.  Additionally, the plaintiffs had complied with discovery in an effort to prepare the case for trial.  However, this court warned the plaintiffs that further delay could result in dismissal for failure to prosecute.

Following the June 13, 2014 order, the plaintiffs failed to appear for a telephonic status conference on September 26, 2014.  The defendants then filed a second Motion to Dismiss for Failure to Prosecute on January 9, 2015.  In the second Motion to Dismiss for Failure to Prosecute, the defendants indicated that the plaintiffs had not taken any action since April 16, 2014 when they filed a response to the first Motion to Dismiss for Failure to Prosecute.

In response to the present Motion to Dismiss for Failure to Prosecute, plaintiffs' counsel, David A. Wilson, indicated that he directed a former paralegal to file the amended complaint, but she failed to do so.  Attorney Wilson admitted he did not follow up with his former paralegal due to a high case volume.  Additionally, he stated that the former paralegal quit without notice and that the two subsequent paralegals hired to assist Attorney Wilson were terminated.  Furthermore, the plaintiffs indicated that the defendants have not requested to depose the plaintiffs or made any other requests that went unanswered since they served discovery responses on April 16, 2014.

In their reply, the defendants indicated that discovery, particularly depositions, has been placed on hold because the plaintiffs have not filed their amended complaint.  The defendants stated discovery is on hold until the appropriate defendants are named in the amended complaint to avoid duplicative discovery.

*Discussion*

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

claim against it." *See Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (citing Federal Rule of Civil Procedure 41(b)). Northern District of Indiana Local Rule 41-1 states that a case can be dismissed for failure to prosecute if no activity has occurred for six months, the court or the clerk has notified the parties that the case will be dismissed, and twenty-eight days have passed since the notice was given. "The court should exercise this right sparingly and should dismiss a case under Rule 41 only 'when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" *Salata*, 757 F.3d at 699 (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)). The district court cannot dismiss a suit following the first transgression without exploring other options or explaining why they would not be fruitful. *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013). The court must provide more than a standalone warning that the case may be dismissed for failure to prosecute. *Sroga*, 722 F.3d at 982. The court must consider the frequency and egregiousness of the plaintiff's failure to comply, the delay to the court's calendar, and the prejudice to the defendants. *Sroga*, 722 F.3d at 982. "Generally a single missed deadline or status hearing does not support dismissal for want of prosecution." *Sroga*, 722 F.3d at 983.

First, the defendants argued this case should be dismissed pursuant to Rule 41(b) for failure to prosecute. The defendants noted that the plaintiffs were granted leave to amend their complaint on August 12, 2013 but have not done so approximately 18 months later. Additionally, the defendants indicated that the plaintiffs have not taken any action in this case since filing a response on April 16, 2014. On June 13, 2014, the court warned the plaintiffs that further delay may result in dismissal for failure to prosecute.

The defendants raised a similar argument under Local Rule 41-1. Local Rule 41-1 authorizes the court to dismiss a case when no activity has occurred for six months, the court or

3

the clerk notified the parties that the case will be dismissed for failure to prosecute, and twenty-eight days have passed since the notice was given. As stated above, the defendants demonstrated that no activity occurred for six months. The defendants argued that this court's June 13, 2014 warning qualified as notice that the case will be dismissed for failure to prosecute and twenty-eight days had passed since that notice. The court does not agree that its warning qualified as notice that the case will be dismissed. The court's warning did not explicitly state the case would be dismissed if there was further delay. Rather, the court simply warned that further delay could result in dismissal.

Although the court agrees with the defendants that the plaintiffs have delayed this case by failing to file their amended complaint, it does not find that dismissal is appropriate. The plaintiffs have not demonstrated contumacious conduct and lesser sanctions have not proven unavailing. However, the court does find that lesser sanctions are appropriate based on the plaintiffs' delaying of this matter, which caused the defendants to file the present motion. Therefore, the court **ORDERS** the plaintiffs to pay the reasonable expenses and attorney's fees associated with bringing this motion. The defendants are **DIRECTED** to file a bill costs indicating their reasonable expenses and attorney's fees within fourteen days of this order. Additionally, the plaintiffs are **ORDERED** to file their amended complaint within seven days of this order. Furthermore, the plaintiffs are warned that this case will be dismissed for failure to prosecute pursuant to Local Rule 41-1 if they further delay this matter.

Based on the foregoing reasons, the Second Motion to Dismiss for Failure to Prosecute [DE 22] is **DENIED**.

ENTERED this 30th day of January, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge